IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| AISHA SAFIYA AVERY | * | |
| Plaintiff, | * | |
| v. | * | 3:06-CV-1140-MHT (WO) |
| RICHARD D. LANE/CIRCUIT COURT JUDGE | * | |
| | * | |
| Defendant. | | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently incarcerated in the Lee County Detention Center located in Opelika, Alabama. She files this 42 U.S.C. § 1983 action against the Honorable Richard Lane alleging that he has released other inmates who have "purges" greater than hers yet they have paid less on their "purges" than she has.[1] Plaintiff requests damages against Judge Lane in excess of $10,000.00. Upon review of the pleadings filed in this case, the court concludes that dismissal of the complaint is appropriate under 28 U.S.C. §1915(e)(2)(B).[2]

---

[1] It is not entirely clear to the court what Plaintiff is referencing in regard to a "purge." It appears from the complaint, however, that it concerns imposition of a monetary penalty akin to a fine or restitution, *etc.*

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

I. DISCUSSION

Plaintiff asserts that Judge Lane sentenced her on October 13, 2006 and imposed a purge of $565.16. Unable to pay the purge at that time, Plaintiff returned to court on December 4, 2006 whereupon she submitted a payment. Plaintiff complains, however, that despite making a payment towards her purge she remains incarcerated even though other inmates with purges greater than hers and who have paid less on their purges than she has have been released.

The court understands Plaintiff to allege a violation of her right to equal protection as a result of adverse rulings and/or decisions made by Judge Lane with regard to her state court proceedings. The conduct about which Plaintiff complains emanates from judicial actions taken by Judge Lane in his capacity as a state judge. As such, the claims entitle Plaintiff to no relief.

It is clear that Plaintiff's claim for relief fails as a matter of law to the extent she alleges an equal protection violation, *see Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001), and that, moreover, the allegations made by Plaintiff against Judge Lane emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, Plaintiff's claims for

monetary damages against Judge Lane are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To the extent that Plaintiff seeks injunctive relief for actions taken by Judge Lane, this court lacks jurisdiction to render such judgment. A federal court has no jurisdiction or right to grant relief under 42 U.S.C. § 1983 with respect to challenges to state court decisions in particular cases arising out of state court proceedings even if those challenges allege that the court's action was unconstitutional. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *cf. Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). An action filed pursuant to 42 U.S.C. § 1983 may not be used as a substitute to appeal a decision of a state circuit court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Likewise, a 42 U.S.C. § 1983 action may not be used to compel a state court to take a particular course of action because this court has no authority to issue a writ directing state courts or their judicial officers in the performance of their duties. *Lamar v. 118 Judicial Dist. Court of Texas*, 440 F.2d 383, 384 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

In light of the foregoing, dismissal of Plaintiff's complaint prior to service of process

is appropriate under 28 U.S.C. § 1915(e)(2)(B).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before February 5, 2007.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

4

September 30, 1981.

Done, this day 22nd day of January 2007.

                                         /s/ Wallace Capel, Jr.
                                         WALLACE CAPEL, JR.
                                         UNITED STATES MAGISTRATE JUDGE